NOT DESIGNATED FOR PUBLICATION

No. 122,902

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARVIN B. DAVIS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 19, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before HILL, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: On Marvin B. Davis Jr.'s motion, we accepted this appeal for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). He appeals the district court's decision dismissing his motion to correct an illegal sentence. Because he is serving a legal sentence, we affirm the court's dismissal of his motion.

In 2016, Davis pleaded no contest to an attempted offender registration violation. The court sentenced him to a presumptive 19-month prison term. When he committed this crime, Davis had completed the incarceration portion of a prior sentence for a 1996

1

conviction and was on postrelease supervision. Thus, the court ordered the 2016 sentence to be served consecutive to the sentence in the 1996 case.

Davis argues that the court illegally ordered this sentence to be served consecutively because his postrelease supervision was revoked four months after he was sentenced in this case. That fact does not render Davis' sentence illegal because he was on postrelease supervision when he committed this crime.

Our review reveals that the duration and disposition of Davis' sentence follows all applicable sentencing guidelines. Under K.S.A. 2015 Supp. 21-6606(c), the court had to impose a consecutive sentence because Davis committed the crime while on postrelease supervision. Davis limits his argument and has not suggested that the district court lacked jurisdiction or imposed an ambiguous sentence. We see no reason to conclude that Davis' sentence is illegal.

The district court is affirmed.